IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BO-RU, LLC, a West Virginia
Limited Liability Company,

    Plaintiff,

v.                                              Civil Action No.: 2:20-cv -00306
                                               Judge Joseph R. Goodwin

E.C. SOURCE SERVICES, LLC, a
Florida Limited Liability Company,
and MASTEC, INC., a Florida Corporation,

    Defendants.

**AMENDED ANSWER TO THE COMPLAINT AND COUNTERCLAIM
ON BEHALF OF E.C. SOURCE SERVICES, LLC**

Defendant, E.C. Source Services, LLC ("ECS"), by counsel, respectfully files its amended answer to Plaintiff, Bo-Ru, LLC's ("Bo-Ru") Complaint and Counterclaim pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. In further support thereof, ECS states as follows:

**First Defense**

Bo-Ru's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Second Defense**

In response to the specific averments and allegations in Bo-Ru's Complaint, ECS states as follows:

    1.    ECS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of Bo-Ru's Complaint and demands strict proof thereof.

2. ECS admits the allegations contained in Paragraph No. 2 of Bo-Ru's Complaint.

3. ECS admits the allegations contained in Paragraph No. 3 of Bo-Ru's Complaint.

4. ECS admits that ECS entered into an Equipment Lease Agreement, but denies that MasTec, Inc. ("MasTec") entered into a contract with Bo-Ru.

5. Paragraph 5 of Bo-Ru's Complaint references the Equipment Lease Agreement and the First Amendment to Equipment Lease Agreement (collectively the "Contract") which speaks for itself. To the extent a response is required, ECS denies the allegations contained in Paragraph No. 5 of Bo-Ru's Complaint.

6. Paragraph 6 of Bo-Ru's Complaint references the Contract which speaks for itself. To the extent a response is required, ECS admits the allegations contained in Paragraph No. 6 of Bo-Ru's Complaint.

7. Paragraph 7 of Bo-Ru's Complaint references the Contract which speaks for itself. To the extent a response is required, ECS admits the allegations contained in Paragraph No. 7 of Bo-Ru's Complaint.

8. Paragraph 8 of Bo-Ru's Complaint references the Contract which speaks for itself. To the extent a response is required, ECS denies the allegations contained in Paragraph No. 8 of Bo-Ru's Complaint.

9. ECS denies the allegations contained in Paragraph No. 9 of Bo-Ru's Complaint.

## Count I

10. ECS incorporates by reference all previous responses as if stated in full herein.

11. ECS denies the allegations contained in Paragraph No. 11 of Bo-Ru's Complaint.

12. ECS denies the allegations contained in Paragraph No. 12 of Bo-Ru's Complaint.

## Count II

13. ECS incorporates by reference all previous responses as if stated in full herein.

14. ECS denies the allegations contained in Paragraph No. 14 of Bo-Ru's Complaint.

15. ECS denies the allegations contained in Paragraph No. 15 of Bo-Ru's Complaint.

16. ECS denies the allegations contained in Paragraph No. 16 of Bo-Ru's Complaint.

### Count III

17. ECS incorporates by reference all previous responses as if stated in full herein.

18. ECS denies the allegations contained in Paragraph No. 18 of Bo-Ru's Complaint.

19. ECS denies the allegations contained in Paragraph No. 19 of Bo-Ru's Complaint.

20. ECS denies the allegations contained in Paragraph No. 20 of Bo-Ru's Complaint.

### Count IV

21. ECS incorporates by reference all previous responses as if stated in full herein.

22. ECS denies the allegations contained in Paragraph No. 22 of Bo-Ru's Complaint.

23. ECS denies the allegations contained in Paragraph No. 23 of Bo-Ru's Complaint.

### Count V

24. ECS incorporates by reference all previous responses as if stated in full herein.

25. ECS denies the allegations contained in Paragraph No. 25 of Bo-Ru's Complaint.

26. ECS denies the allegations contained in Paragraph No. 26 of Bo-Ru's Complaint.

27. ECS denies the allegations contained in Paragraph No. 27 of Bo-Ru's Complaint.

28. Paragraph 28 of Bo-Ru's Complaint references the Contract which speaks for itself. To the extent a response is required, ECS denies the allegations contained in Paragraph No. 28 of Bo-Ru's Complaint.

29. ECS denies the allegations contained in Paragraph No. 29 of Bo-Ru's Complaint.

30. ECS denies the allegations contained in Paragraph No. 30 of Bo-Ru's Complaint.

## Count VI

31. ECS incorporates by reference all previous responses as if stated in full herein.

32. ECS denies the allegations contained in Paragraph No. 32 of Bo-Ru's Complaint.

33. ECS denies the allegations contained in Paragraph No. 33 of Bo-Ru's Complaint.

34. ECS denies the allegations contained in Paragraph No. 34 of Bo-Ru's Complaint.

35. Paragraph 35 of Bo-Ru's Complaint references the Contract which speaks for itself. To the extent a response is required, ECS denies the allegations contained in Paragraph No. 35 of Bo-Ru's Complaint.

36. ECS denies the allegations contained in Paragraph No. 36 of Bo-Ru's Complaint.

37. ECS denies the allegations contained in Paragraph No. 37 of Bo-Ru's Complaint.

### Third Defense

Bo-Ru's alleged damages, if any, were not proximately caused by any act or omission of ECS, but by the intervening acts or omissions of other persons for whose actions ECS is not legally responsible.

### Fourth Defense

Bo-Ru's claims are barred, in whole or in part, by Bo-Ru's comparative negligence.

### Fifth Defense

Bo-Ru's Complaint is barred, in whole or in part, by Bo-Ru's failure to join an indispensable party pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.

### Sixth Defense

In the event the evidence indicates, Bo-Ru's claims are barred, in whole or in part, under the doctrines of unclean hands, waiver, release and estoppel.

### Seventh Defense

Bo-Ru's Complaint is barred, in whole or in part, by the statute of limitations and/or laches.

### Eighth Defense

ECS never breached any duties owed to Bo-Ru.

### Ninth Defense

Bo-Ru's Complaint is barred, in whole or in part, by Bo-Ru's failure to mitigate damages, if any.

### Tenth Defense

ECS invokes the doctrine of first breach and asserts that Bo-Ru materially breached the Equipment Lease Agreement between Bo-Ru and ECS and, therefore, cannot sue to enforce the provisions thereof.

### Eleventh Defense

ECS asserts that it is entitled to recoupment and states that any recovery awarded to Bo-Ru should be offset by any amount owed to ECS at the time of judgment.

### Twelfth Defense

Bo-Ru's alleged damages, if any, were not proximately caused by any act or omission by ECS.

### Thirteenth Defense

ECS reserves the right to plead and assert defenses listed under Rule 8 of the Federal Rules of Civil Procedure, or any other matter constituting an avoidance or affirmative defense, if and when such is warranted as a result of discovery or otherwise.

WHEREFORE, E.C. Source Services, LLC requests that the allegations and claims in Bo-Ru, LLC's Complaint be dismissed with prejudice and that it recovers all of its costs and expenses, including reasonable attorneys' fees expended in connection with the defense of this action, if permitted by law, and that it has such other and further relief as justice may require.

## COUNTERCLAIM

For its counterclaim against plaintiff Bo-Ru, defendant ECS states as follows:

### Nature of Action

Defendant, ECS, by counsel, brings this counterclaim for breach of contract and the collection of certain obligations owing to it by plaintiff, Bo-Ru.

### Parties

1. Plaintiff Bo-Ru, is, and was at all relevant times, a West Virginia limited liability company, with its principal place of business located in Charleston, Kanawha County, West Virginia.

2. Defendant ECS, is, and was at all relevant times, a Florida limited liability company, with its principal place of business located in Coral Gables, Florida.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) in that at all relevant times, the acts and/or omissions giving rise to this cause of action occurred in Kanawha County, West Virginia.

**Count I – Breach of Contract**

4. ECS realleges each of the allegations set out in paragraphs 1 through 3 of this counterclaim as if set out fully herein.

5. On or about October 15, 2018, ECS and Bo-Ru entered into an Equipment Lease Agreement pursuant to which ECS leased certain heavy equipment from Bo-Ru. A copy of the October 15, 2018, Equipment Lease Agreement is attached as Exhibit A.

6. Thereafter, ECS and Bo-Ru entered into the First Amendment to Equipment Lease Agreement (as amended, the "Equipment Lease Agreement"). A copy of the First Amendment to Equipment Lease Agreement is attached as Exhibit B.

7. Section 1 of the Equipment Lease Agreement provides that "Lessor [Bo-Ru] represents and warrants that the equipment is in good working order and condition at the beginning of the lease term, and will indemnify Lessee [ECS] from any costs Lessee [ECS] may incur as a result of latent defects in the equipment."

8. Further, section 5 of the Equipment Lease Agreement states that "Lessor is responsible for all major repairs that require more than routine maintenance, such as repairs on engines, transmission, frames, differentials, etc., except to the extent such repairs are due to the Lessee's negligence."

9. During the terms of the Equipment Lease Agreement, ECS made substantial and major repairs to the heavy equipment, which is the subject of the Equipment Lease Agreement.

10. Bo-Ru has failed to reimburse ECS for the major repairs pursuant to the Equipment Lease Agreement.

11. Moreover, representatives of Bo-Ru continued to use equipment leased by ECS during the lease term. Specifically, Bo-Ru and its agents used a Ford F-550 truck for approximately two months into the lease term despite ECS leasing the same.

12. Bo-Ru has breached the Equipment Lease Agreement with ECS because Bo-Ru has failed to make any payments to reimburse ECS for major repairs as required under the terms of the Equipment Agreement.

13. As a result of Bo-Ru's breaches under the Equipment Lease Agreement, ECS accrued, and continues to accrue, monetary damages.

WHEREFORE, defendant, ECS, in its Counterclaim, respectfully requests that this Court award it judgment against plaintiff, Bo-Ru, in an amount to be determined by jury trial, plus interest accrued, all costs, expenses, attorneys' fees and other amounts owing to ECS, and statutory interest from the date of judgment until the debt is paid in full and any other relief that this Court deems just and proper, including attorneys' fees, costs and interest.

        E.C. SOURCE SERVICES, LLC, a
        Florida Limited Liability Company,
        and MASTEC, INC.,

        By Counsel,

*/s/ J. Mark Adkins*
J. Mark Adkins (WVSB # 7414)
Zachary J. Rosencrance (WVSB #13040)
BOWLES RICE LLP
600 Quarrier Street (25301)
Charleston, West Virginia 25325-1386
(304) 347-1100
Fax: (304) 347-1756
madkins@bowlesrice.com
zrosencrance@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BO-RU, LLC, a West Virginia
Limited Liability Company,

    Plaintiff,

v.                                                      Civil Action No.: 2:20-cv -00306
                                                        Judge Joseph R. Goodwin

E.C. SOURCE SERVICES, LLC, a
Florida Limited Liability Company,
and MASTEC, INC., a Florida Corporation,

    Defendants.

## **CERTIFICATE OF SERVICE**

        I, J. Mark Adkins, do hereby certify that on this **27th day of May 2020**, the foregoing **Amended Answer to the Complaint and Counterclaim on Behalf of E.C. Source Services, LLC** was served via the Court's ECF system and by United States mail to all counsel of record.

        Shannon M. Bland, Esquire
        BLAND & BLAND L.C.
        1550 Kanawha Boulevard, East
        Charleston, West Virginia 25311
        *Counsel for Plaintiff*

                                                      */s/ J. Mark Adkins*
                                                      J. Mark Adkins (WVSB# 7414)