IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BO-RU, LLC,

          Plaintiff,

v.                                        CIVIL ACTION NO.  2:20-cv-00306

E.C. SOURCE SERVICES, LLC, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss, [ECF No. 7], filed by Defendant Mastec, Inc., ("Mastec"). Plaintiff, Bo-Ru, LLC. ("Bo-Ru") has failed to respond and the Motion is ripe for adjudication. The Motion, [ECF No. 7], is **GRANTED without prejudice** for the reasons that follow.

I. Background

On February 27, 2020, Plaintiff initiated this lawsuit against Defendants, E.C. Source Services, LLC. ("ECS") and Mastec, in the Circuit Court of Kanawha County, West Virginia. Defendants removed the case to this court on April 30, 2020 based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 3].

This case revolves around an alleged breach of contract. The Complaint avers that on October 15, 2018, "the parties hereto entered into an 'Equipment Lease Agreement.'" Pl.'s Compl. ¶ 4 [ECF No. 3–2]. The monthly rental rate established in the lease was $60,000.00 per month. *Id.* at ¶ 6. The Equipment Lease Agreement

contained an itemized list of the equipment subject to the lease. *Id.* at ¶ 7. The Equipment Lease Agreement obligated "the Defendant's [sic] in paragraph #5 of the lease… to keep the subject Equipment in good repair, condition, and working order and shall furnish any and all parts, mechanisms, devices, and keep required to keep the Equipment in good mechanical working order, such as oil changes and filters." *Id.* at ¶ 8. The contract also stated that the Lessee "shall bear the entire risk of loss and damage to the equipment from any and every cause whatsoever." *Id.* at ¶ 9.

Plaintiff brings six breach of contract counts against Defendants. *Id.* According to the Complaint, Defendants breached the contract in the ways that follow. Defendants allegedly refused to pay the last four months of the payments due on the lease. *Id.* at ¶ 11. Defendants allegedly removed Plaintiff's "tools, equipment, tool boxes, lights, and supplies" from a truck without authority. *Id.* at ¶¶ 14–15. Defendants allegedly failed to pay lease obligations regarding a Komatsu WA380 8 wheel loader with log grapple forks. *Id.* ¶¶ 18–20. Defendants allegedly failed to pay lease obligations regarding an agreement to lease/purchase a Komatsu D-51 crawler dozer. *Id.* at ¶ 22–23. Defendants allegedly returned a Komatsu 220 excavator, subject to the Equipment Lease Agreement, in a damaged condition and refused to pay for repairs. *Id.* at ¶¶ 25–29. Defendants allegedly returned a Peterbuilt 389 Tractor, subject to the Equipment Lease Agreement, in a damaged condition and refused to pay for repairs. *Id.* at ¶¶ 32–34.

Defendant MasTec moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant MasTec argues that it was not a party to the

Equipment Lease Agreement and therefore cannot be held liable for a breach of contract claim.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Farnsworth v. Loved Ones in Home Care, LLC*, No. 2:18-CV-01334, 2019 WL 956806, at *1 (S.D.W. Va. Feb. 27, 2019) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

To survive a motion to dismiss, the plaintiff's factual allegations, taken as true, must "state a claim to relief that is plausible on its face." *Robertson v. Sea Pines Real Estate Co.*, 679 F.3d 278, 288 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although "the complaint must contain sufficient facts to state a claim that is plausible on its face, it nevertheless need only give the defendant fair notice of what the claim is and the grounds on which it rests." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). Thus, "a complaint is to be construed liberally so as to do substantial justice." *Id.*

In evaluating a motion to dismiss, the court considers only the pleadings and any "documents incorporated into the complaint by reference, as well as those

attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014). Here, Defendant MasTec asks the court to consider the Equipment Lease Agreement (attached as Exhibit 1) and the First Amendment to Equipment Lease Agreement (attached as Exhibit 2). *See* Def.'s Mot. to Dismiss [ECF No. 7]. Because the Complaint in this case incorporates the Equipment Lease Agreement as the operative contract for all of the breach of contract claims, I will consider the Equipment Lease Agreement in deciding the Motion to Dismiss. *See* Compl. [ECF No. 3–2] Ex. 2.

### III. Discussion

A breach of contract action in West Virginia requires "(1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result." *Safeco Ins. Co. of Am. v. Mountaineer Grading Co.*, No. 2:10-CV-01301, 2012 WL 830158, at *4 (S.D.W. Va. Mar. 9, 2012). A court "deciding disputes about the meaning of a contract…will endeavor to carry into effect the intent of the parties to the agreement." *Id.* (quoting *Bennett v. Dove*, 277 S.E.2d 617, 618 (W.Va. 1981)). An agreement expressing the parties' intentions in "plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." *Id.* To survive a motion to dismiss, a plaintiff must allege "the breach on which the plaintiffs found their action…[and] the facts and circumstances which

entitle them to damages." *McNeely v. Wells Fargo Bank, N.A.*, No. 2:13-CV-25114, 2014 WL 7005598, at *9 (S.D.W. Va. Dec. 10, 2014).

Under West Virginia law, "[o]ne not a party to a contract nor in privity with either of the parties thereto may not maintain a suit at law thereon, unless the promise of undertaking relied upon is made for his sole benefit." Syl., *Petty v. Warren*, 110 S.E. 826 (W. Va. 1922). "Furthermore, this Court has held that, generally, one who is not party to a contract with another cannot have an action for breach of contract maintained against him." *Hanson v. Amerihome Mortg. Co., LLC*, No. 2:17-CV-03691, 2017 WL 6626328, at *6 (S.D.W. Va. Dec. 28, 2017) (citing *Rowe v. Aurora Commercial Corp.*, No. 5:13021369, 2014 WL 3810786, at *1, *10 (S.D. W. Va. Aug. 1, 2014). West Virginia law recognizes that "separately incorporated businesses are separate entities and that corporations are separate from their shareholders." Syl. Pt. 3, *Southern Elec. Supply Co. v. Raleigh County Nat'l Bank*, 320 S.E.2d 515 (W. Va. 1984).

The dispute here is simple to resolve. Defendant MasTec argues that Plaintiff entered into the Equipment Lease Agreement with Defendant ECS, not MasTec. Defendant MasTec further argues that Plaintiff has not alleged any facts to justify finding that MasTec was a party to the Equipment Lease Agreement. I agree. The Equipment Lease Agreement states, "[t]his equipment lease between Bo-Ru, LLC (known as Lessor) and EC Source Services (known as the Lessee) is made effective as of, 15th day of October month, 2018." *See* Ex. 1 [ECF No. 7–1]. Defendant MasTec and Defendant ECS are separate entities. *See* Pl.'s Compl. [ECF No. 3–2] ¶¶ 2, 3. The

Equipment Lease Agreement and First Amendment to Equipment Lease Agreement clearly list only ECS as the Lessee. *See* Ex. 1 [ECF No. 7–1]; Ex. 2 [ECF No. 7–2]. Neither document makes any reference to Defendant MasTec. *See id.* Plaintiff's Complaint does not include any allegation that even suggests that Defendant MasTec is a party or in privity with a party to the Equipment Lease Agreement. Nor does the Complaint allege a theory that would justify disregarding the fact that MasTec and ECS are separate entities. All of the claims raised by the Complaint are breach of contract claims. Because MasTec is not a party to the contract and because Plaintiff has not alleged a reason why the Equipment Lease Agreement should apply to MasTec, I find the Complaint fails to state a claim against MasTec. Accordingly, Defendant MasTec's Motion to Dismiss [ECF No. 7] is **GRANTED**.

### IV. Conclusion

Defendant MasTec's Motion to Dismiss, [ECF No. 7], is **GRANTED** and all claims against this Defendant are **DISMISSED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 4, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE